MARY C. REMER, ADMINISTRATRIX, RESPONDENT, *v.* THE LONG ISLAND RAILROAD COMPANY, APPELLANT.

*Action to recover damages for the negligent killing of a person by a railroad company — when the question of the contributory negligence of the plaintiff and the negligence of the defendant should be left to the jury.*

APPEAL by the defendant from a judgment entered in Westchester county in favor of the plaintiff, and from an order denying a motion for a new trial.

The action was brought under the statute for the alleged negligent killing of the plaintiff's husband, Thomas A. Remer.

It appeared that on the 19th day of November, 1882, the plaintiff and her husband visited a certain place in Kings county, near the line of defendant's railroad, to witness a game of base ball. It was and had been for many years the custom of persons going to and coming from the ball ground, and other places about there, to walk along a portion of defendant's track where Mr. and Mrs. Remer walked that day.

Deceased and his wife had never been there before, and upon inquiry as to the way "went as they were directed," not knowing of any other way. They were also told there were no trains and that no train was expected until after five o'clock; this was about three o'clock. After remaining at the ball ground a little time, Mrs. Remer feeling a little chilly, they started for home, returning the same way.

The piece of track where the accident happened was built over low marshy ground; when first constructed it was built on low piling, but had since been filled in with earth, but the extent of such filling and the condition of the slope were questions in dispute, but on each side of the track there was a ditch filled with water. There was no room to stand on the track outside of the rails, and there was evidence tending to show that the only way of getting off the track was to jump down the embankment into or across the ditch of water. They were walking in an easterly direction and the train was running the same way. When they first discovered

the engine it was about 922 feet behind them, and they were about 150 feet from a platform where they could get off from the track.

The court at General Term said : "The engineer well knew the difficulty there was in the plaintiff and her husband getting off the track at the place where he saw them, and he was running at such a speed that by reversing his engine he could easily have avoided running them down, at least there was evidence from which such conclusions could be drawn. It was a question for the jury, under all the circumstances, what the plaintiff and her husband ought to have done to avoid being run over; and whether they were justified in remaining on the track and making the attempt to reach the platform, rather than jumping in the ditch or adopting any other means for their safety.

"This court upon the former appeal* laid down the rule 'that if the deceased did all he could be properly asked to do to escape the peril in which he was suddenly placed, the jury may find no contributory negligence upon his part.' The deceased was placed in a sudden and perilous exigency, and the question is not whether he did the wisest thing possible under the circumstances, but whether he exercised ordinary care and prudence. It was not so plain that the deceased was guilty of contributory negligence as to justify a nonsuit upon the ground that a verdict, if found, would not be permitted to stand. Under all the evidence, we think this was a question for the jury.

"The vital question in the case, I apprehend, is that of defendant's negligence, and this turns upon the knowledge and conduct of the engineer. Notwithstanding the trespass of the deceased upon the track, it was undoubtedly the duty of the engineer to exercise ordinary diligence and care to avoid the loss of life.

"Upon the facts involved in this question the witnesses do not agree. Some of the witnesses testify to a state of facts from which the jury might infer that the engineer had ample notice to stop his train as soon as he saw deceased upon the track. On the other hand, other witnesses state that the condition of the bank and ditches was such that the engineer might well have expected

*Reported in full, 36 Hun, 253.

deceased would safely go down the bank and thus escape peril. The question was submitted to the jury in a clear and unexceptionable charge, and we are unable to say that the verdict is so palpably against the weight of evidence as to justify setting it aside."

*Hinsdale & Sprague,* for the appellant.

*C. D. Rust,* for the respondent.

Opinion by PRATT, J.; BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.